# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# DIVISION

| | |
|---|---|
| OMAR MOHAMED, § | |
| *Plaintiff* § | |
| § | |
| v. § | Case No. 1:20-CV-00036-LY-SH |
| § | |
| HARTE-HANKS, INC. § | |
| *Defendant* § | |

## ORDER AND INTERIM REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE LEE YEAKEL**
**UNITED STATES DISTRICT JUDGE**

Before this Court are Plaintiff's Motion to Strike Defendant's Answer, filed April 14, 2020 (Dkt. 15); Plaintiff's Motion for Summary Judgment, filed May 6, 2020 (Dkt. 20); Defendant's Motion to Strike Plaintiff's Supplement to Motion for Summary Judgment, filed June 30, 2020 (Dkt. 29); Plaintiff's Motion to Compel Mediation, filed July 6, 2020 (Dkt. 30); Plaintiff's Motion to Stay Discovery, filed July 6, 2020 (Dkt. 31); and the related response and reply briefs. On April 29, 2020, the District Court referred to the undersigned Magistrate Judge all pending and future discovery motions and other nondispositive motions for resolution, and all pending and future dispositive motions for Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Dkt. 18.

## I.   Background

On January 13, 2020, Omar Mohamed, who is proceeding *pro se*, filed this employment discrimination lawsuit under Title VII of the Civil Rights Act of 1964 against his former employer, Harte-Hanks, Inc. Plaintiff alleges that Defendant discriminated against him because of his race

(African American), national origin (Kenyan), and his religion (Islam), and that he was retaliated against after complaining about the discrimination. Specifically, Plaintiff alleges that on November 9, 2018, he was informed by Defendant's Head of Operations that Plaintiff was not selected for the position of Interim Operations Manager because one of Defendant's clients "was sensitive to an African guy with a Muslim name like mine" Dkt. 1-1 at 1. On November 13, 2018, Plaintiff alleges, he complained to Human Resources that he was not selected for the position because "I'm from Africa and a Muslim." *Id.* A week later, Plaintiff alleges, Defendant terminated his employment.

Defendant was served with process on January 15, 2020, but failed to answer. On February 27, 2020, the Clerk of the Court entered default against Defendant. Dkt. 9. On March 2, 2020, Defendant appeared by filing an Answer. Dkt. 10. Defendant's Answer denies Plaintiff's allegations, contending that "[a]ny employment-related decisions concerning Plaintiff were made for legitimate non-discriminatory and non-retaliatory reasons, which were unrelated to his race, color, religion, and national origin, or any protected conduct and/or complaints of discrimination." Dkt. 10 at 2.

Plaintiff argues that he is entitled to summary judgment under Federal Rule of Civil Procedure 56 as a matter of law. Plaintiff also has filed several non-dispositive motions, including motions to strike, compel mediation, and stay discovery. Defendant opposes all of these motions, and has also filed a motion to strike Plaintiff's supplement to his motion for summary judgment.

## II.   Analysis

### A. Non-Dispositive Motions

#### 1.   Plaintiff's Motion to Strike Defendant's Answer

Plaintiff asks the Court to strike Defendant's Answer because "Defendant willfully failed to answer on time," and claims that the late filing will prejudice him. Dkt. 15 at 1. This is the second

Motion to Strike Defendant's Answer that Plaintiff has filed. *See* Dkt. 12. On March 13, 2020, the District Court denied Plaintiff's first Motion to Strike Defendant's Late Answer, finding that "the delay of Hanks in appearing in this cause was not willful." Dkt. 13 at 1. Because the District Court has already ruled on the merits of the motion, Plaintiff's second Motion to Strike Defendant's Late Answer (Dkt. 15) is **DENIED**.

### 2. Plaintiff's Motion to Compel Mediation

After Plaintiff was served with Defendant's initial written discovery requests, and before any discovery was completed, Plaintiff filed the instant Motion to Compel Mediation, asking the Court to order Defendant to mediate the case. The Court finds that mediation this early in the case, before any discovery has been completed, would be premature. Accordingly, Plaintiff's Motion to Compel Mediation (Dkt. 30) is **DENIED**.

### 3. Plaintiff's Motion to Stay Discovery

Plaintiff asks the Court to stay discovery until the Court rules on Plaintiff's Motion to Strike Defendant's Answer and Motion for Summary Judgment. Because the Court has ruled on the Motion to Strike and is issuing its recommendation on the Motion for Summary Judgment herein, Plaintiff's Motion to Stay Discovery (Dkt. 31) is **DENIED**.

### 4. Defendant's Motion to Strike Plaintiff's Supplement

Defendant moves to strike Plaintiff's Supplement to his Motion for Summary Judgment because he failed to seek leave before filing the supplement, as required by Local Rule CV-7(f)(1) ("Absent leave of court, no further submissions on the motion are allowed."). Because Plaintiff has failed to comply with CV-7(f)(1), Defendant's Motion to Strike Plaintiff's Supplement (Dkt. 29) is **GRANTED**. The Court **STRIKES** Plaintiff's Supplement to his Motion for Summary Judgment (Dkt. 27) from the record.

### B. Plaintiff's Motion for Summary Judgment

Under Rule 56(a), summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Westfall v. Luna*, 903 F.3d 534, 546 (5th Cir. 2018) (internal quotation marks omitted). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 134 (5th Cir. 2010). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The party seeking summary judgment bears the burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Exxon Corp. v. Burglin*, 4 F.3d 1294, 1297 (5th Cir. 1993). In carrying this burden, the moving party must identify "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323 (internal quotation marks omitted).

A "judge's function" in evaluating a motion for summary judgment is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Liberty Lobby*, 477 U.S. 242 at 249. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Id.* at 255. When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party.

*Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007).

Plaintiff argues in his two-page Motion for Summary Judgment that he is entitled to summary judgment "because there are [sic] no genuine dispute in material facts," and "[a]ny fair fact finder will see that I have the facts and the law on my side." Dkt. 20 at 1-2. In support of his Motion, Plaintiff has attached copies of two emails from him, alleging that Defendant failed to hire him for the Interim Operations Manager position because of his race and religion. Dkt. 20 at Exs. A and D. Plaintiff also attached an email his former attorney allegedly sent to the EEOC summarizing Plaintiff's claims of discrimination. *Id.* at Ex. C. Finally, Plaintiff attached a one-page document that appears to have been written by Plaintiff which again repeats his allegations of discrimination. *Id.* at Ex. B.

Defendant argues that none of these documents constitutes competent summary judgment evidence because Plaintiff did not authenticate them by swearing under penalty of perjury that the statements in the documents were true and correct. In response, Plaintiff provided the Court with a declaration in which he swears "under penalty of perjury that all allegations and statements I submitted to this court are true and accurate to the best of my knowledge." Dkt. 24 at 2.

The Court overrules Defendant's technical objections to the exhibits in light of Plaintiff's *pro se* status and his supplemental declaration. However, the Court agrees with Defendant that these documents do not meet Plaintiff's burden to demonstrate the absence of a genuine issue of material fact regarding Plaintiff's Title VII claims. The documents merely reiterate Plaintiff's conclusory allegations that Defendant discriminated against him because of his race and religion. The documents do not conclusively establish Plaintiff's claims under Title VII or negate Defendant's affirmative defenses asserted in its Answer.

As stated above, Defendant contends that its employment-related decisions regarding Plaintiff were made for legitimate, non-discriminatory and non-retaliatory reasons unrelated to Plaintiff's race, color, religion, and national origin. Dkt. 10 at 2. Accordingly, there is a fact issue regarding whether Plaintiff was discriminated and retaliated against because of his race, color, religion, and national origin. Drawing all reasonable inferences in favor of the nonmoving party, *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000), Plaintiff has failed to demonstrate the absence of a genuine issue of material fact and is not entitled to summary judgment.

In addition, the Court finds that Plaintiff's Motion for Summary Judgment should be denied because it is premature at this early stage of this case, before the parties have engaged in any discovery. "Summary judgment assumes some discovery." *Brown v. Mississippi Valley State Univ.*, 311 F.3d 328, 333 (5th Cir. 2002); *see also, e.g.*, *Alabama Farm Bureau Mut. Cas. Co. v. Am. Fid. Life Ins. Co.*, 606 F.2d 602, 609 (5th Cir. 1979) ("Summary judgment should not [ ] ordinarily be granted before discovery has been completed."); *Univ. Loft Co. v. Blue Furniture Sols., LLC*, No. A-15-CV-826 LY, 2017 WL 876312, at *3 (W.D. Tex. Mar. 3, 2017) ("Given that no discovery that had taken place at the time this motion was filed, consideration of a motion for summary judgment is premature."); *George v. Go Frac, LLC*, No. SA-15-CV-943-XR, 2016 WL 94146, at *3 (W.D. Tex. Jan. 7, 2016) (holding that granting summary judgment two months after the case was filed and before discovery had been completed was premature). Plaintiff's Motion for Summary Judgment is premature and should be denied.

### III.   Order and Recommendation

The Court **DENIES** Plaintiff's Motion to Strike Defendant's Late Answer (Dkt. 15), Plaintiff's Motion to Compel Mediation (Dkt. 30), and Plaintiff's Motion to Stay Discovery (Dkt. 31). The Court **GRANTS** Defendant's Motion to Strike Plaintiff's Supplement (Dkt. 29) and **STRIKES** Plaintiff's Supplement to Motion for Summary Judgment (Dkt. 27) from the record.

The undersigned **RECOMMENDS** that the District Court **DENY** Plaintiff's Motion for Summary Judgment (Dkt. 20) *without prejudice*.

### IV.     Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on July 27, 2020.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE